## Sidney C. Eastman, Trustee, Complainant, v. George S. Dole et al., Defendants.

## Frances E. Dole Leman, Intervening Petitioner, v. Sidney C. Eastman, Trustee, Respondent.

## On appeal of Sidney C. Eastman, Trustee, Appellant.

## Gen. No. 22,050.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Appeal dismissed. Opinion filed June 19, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill by Sidney C. Eastman, trustee under the last will and testament of James H. Dole, deceased, complainant, against George S. Dole, Charles E. Dole, Frances E. Dole Leman and others, defendants, to be relieved of his duties as trustee; and intervening petition by Frances E. Dole Leman to compel complainant to pay petitioner her share of the income of the trust

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

which she claimed she was entitled to under the will. From an order directing such trustee to pay petitioner $5,000, complainant appeals.

A motion was made to dismiss the appeal, for the reason that the order sought to be reviewed was an interlocutory one, and that therefore the court was without jurisdiction.

The order in question, after setting forth the parties, provided as follows:

"It is ordered that Sidney C. Eastman, as such trustee, etc., pay to solicitor for said Frances E. Dole Leman, from the funds of said trust estate in his hands as such trustee, etc., the sum of Five Thousand Dollars ($5,000) upon said Frances E. Dole Leman giving a bond in the sum of Five Thousand Dollars ($5,000) with surety, to be approved by the court, to said Sidney C. Eastman, trustee, etc., to refund said Five Thousand Dollars ($5,000) or any portion thereof to said Sidney C. Eastman, trustee, etc., or to his successor in the trust, or as may be ordered by the court, in the event that it shall be determined at any time hereafter by order of court that said Five Thousand Dollars ($5,000) or any portion thereof shall not belong to or be due to said Frances E. Dole Leman in the adjustment of all the rights and equities between said Frances E. Dole Leman, Sidney C. Eastman, as such trustee, etc., George S. Dole and Julia D. Hurlbut, said payment to be without prejudice to and subject to any and all claims of said Sidney C. Eastman, as such trustee, etc., and of any and all other parties to said cause and to the rights of all parties to said cause.

"The bond of said Frances E. Dole Leman, with Henry W. Leman, as surety, for Five Thousand Dollars ($5,000) is now presented in open court and is hereby approved and ordered filed in said cause."

CHYTRAUS, HEALY & FROST, CARL V. WISNER and JOHN PETER BARNES, for appellant.

HENRY W. LEMAN, for petitioner and appellee; FRANK H. CULVER, of counsel.

Mr. Presiding Justice Pam delivered the opinion of the court.

## Abstract of the Decision.

1.  Appeal and error, § 267*—*when appeal or error lies.* There must be a final order or decree in a chancery suit, or a final judgment in an action at law, to justify an appeal or writ of error.

2.  Appeal and error, § 269*—*what is a final judgment.* A final judgment is one that finally disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate branch thereof.

3.  Appeal and error, § 281*—*when order directing payment of money interlocutory.* An order in favor of an intervening petitioner in an action by a trustee under a will to be relieved from his duties as such, requiring such trustee to pay the petitioner a certain sum of money upon the petitioner giving a bond in an equal amount to refund such sum or any portion thereof in the event that it shall be afterwards determined that such petitioner is not entitled to such sum or any portion thereof in the adjustment of all the rights and equities between the parties, is interlocutory and not appealable.

4.  Appeal and error, § 1716*—*when right to dismissal of appeal not waived by joinder in error.* The right to the dismissal of an appeal from an interlocutory order is not waived by joinder in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.